# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARRY R. JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-CV-341-GKF-FHM ) |
| WAL-MART STORES EAST, LP, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the court is the Motion for Partial Dismissal [Doc. No. 8] of defendant Wal-Mart Stores East, LP. For the reasons set forth below, the motion is granted in part and denied in part.

## I. Background

This is an employment discrimination lawsuit arising from plaintiff Harry R. Johnson's employment with and termination from Wal-Mart. Specifically Mr. Johnson alleges Wal-Mart failed to accommodate his mental disability, terminated him, and retaliated against him for requesting medical leave. He filed a charge with the Equal Employment Opportunity Commission ("EEOC") to that effect on November 10, 2014. The EEOC issued a determination in Mr. Johnson's favor on August 24, 2016, and when conciliation efforts failed, issued a right to sue letter on March 23, 2017. Mr. Johnson filed suit in this court on June 16, 2017, bringing claims under the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. § 1101, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Wal-Mart now moves to dismiss Mr. Johnson's OADA claims and ADA claims for retaliation and failure-to-accommodate.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction." *See Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). To that end, Fed. R. Civ. P. 12(b)(1) authorizes courts to dismiss cases for lack of subject-matter jurisdiction. Challenges to subject-matter jurisdiction "take one of two forms: (1) facial attacks; and (2) factual attacks." *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). Facial attacks "merely challenge the sufficiency of the complaint, requiring the . . . court to accept the allegations in the complaint as true." *Id.* Factual attacks "go[ ] beyond the allegations in the complaint and challenge[ ] the facts upon which subject[-]matter jurisdiction depends." *See id.* In such situations, the court has "wide discretion" to consider documentary and testimonial evidence. *See id.* And the court need not convert a motion to dismiss under Rule 12(b)(1) to a motion for summary judgment under Fed. R. Civ. P. 56 unless the "resolution of the jurisdictional question is intertwined with the merits of the case.'" *See id.* (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)).

## III. Analysis

Wal-Mart moves to dismiss Mr. Johnson's OADA claims as time-barred; it moves to dismiss his accommodation- and retaliation-based ADA claims for failure to exhaust administrative remedies. The court addresses each argument in turn.

### A. OADA

The OADA prohibits employers from discharging or otherwise discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment on the basis of disability. 25 O.S. §§ 1302(A)(1), 1301(4). As a precondition to suit, "the OADA requires a plaintiff to file a charge of discrimination" either with the EEOC or the Oklahoma

Attorney General's Office "within 180 days from the last date of the alleged discrimination." *Tolbert v. Ean Servs., LLC*, No. 15-CV-735-GKF-TLW, 2016 WL 796096, at \*3 (N.D. Okla. Feb. 26, 2016) (citing 25 O.S. §1350(B)). That requirement is jurisdictional. *See id.* (citing *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2004)). "[T]he timely filing of a charge is required '[i]n order to have standing in a court of law to allege discrimination arising from an employment-related matter.'" *Id.* (quoting 25 O.S. § 1350(B)).

Here, Mr. Johnson filed his charge well after the 180 days provided by the OADA. Whether the date of alleged discrimination is February 4, 2014—when Mr. Johnson requested medical leave—or March 3, 2014—when he was terminated—Mr. Johnson did not file his EEOC charge within 180 days. And he does not argue to the contrary. Rather, Mr. Johnson contends that, because the EEOC and Oklahoma's Office of Civil Rights Enforcement have a worksharing agreement, in which each is designated as the other's agent for purposes of receiving charges, the deadline for filing a charge was extended to 300 days.

That contention lacks merit. It is true that for a federal ADA claim, a worksharing agreement extends the limitations period to 300 days. *Smith v. Oral Roberts Evangelistic Ass'n, Inc.*, 731 F.3d 684, 697 (10th Cir. 1984). That is because a state filing need not be timely in order to qualify for a federal extension—"state procedural defaults cannot foreclose federal relief and [a] state limitations period cannot govern the efficacy of [a] federal remedy." *Id.* at 690 (quotation marks and citation omitted). But a timely federal filing cannot remedially extend a state-law statute of limitations. *Forcum v. Via Christi Health System, Inc.*, 137 P.3d 1250, 1253 (Okla. Civ. App. 2006). To that end, Mr. Johnson's OADA claims are "barred by the 180-day filing period, and is not affected by the extended federal" deadline. *Id.*; *see also Lottinger v.*

3

*Shell Oil Co.*, 143 F. Supp. 2d 743, 753 (S.D. Tex. 2001); *Zysk v. FFE Minerals USA, Inc.*, 225 F. Supp. 2d 482, 494 (E.D. Pa. 2001).

B. ADA

A plaintiff must exhaust administrative remedies as a precondition to suit under the ADA. *See Owens v. City of Barnsdall*, 13-CV-749-TCK-PJC, 2014 WL 2197798, at *2 (N.D. Okla. May 27, 2014). And "remedies generally must be exhausted as to each discrete instance of discrimination or retaliation." *See Apsley v. Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012). That requirement is jurisdictional. *See id.*; *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007). "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie v. Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005). Such charges are liberally construed. *See Jones*, 502 F.3d at 1186.

Wal-Mart argues that Mr. Johnson failed to exhaust his accommodation and retaliation claims. Specifically, it alleges Mr. Johnson's EEOC charge lacked factual particulars that would have caused the EEOC to investigate those claims. That argument lacks merit. With respect to the accommodation claim, Wal-Mart notes the EEOC charge does not contain the word "accommodation." But magic words are not required—"complaints to the EEOC must be liberally construed . . . since such complaints are written by laymen not versed either in the technicalities of pleading or the jurisdictional requirements of the [ADA]." *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). And that is consistent with the fact that, on the merits, an "employee must [simply] convey to the employer a desire to remain with the company despite his or her disability and limitations" in order to have requested a reasonable accommodation. *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1172 (10th Cir. 1999).

The cases cited by Wal-Mart are not to the contrary. In *Wood v. Case & Associate Properties, Inc.*, No. 10-CV-248-GKF-FHM, 2010 WL 5462453 (N.D. Okla. Dec. 29, 2010), the EEOC charge did not show any "affirmative request for remedial relief with respect to the failure-to-accommodate claim" by the plaintiff, *id.* at *5; in *Martinez v. Target Corp.*, 384 F. App'x 840 (10th Cir. 2010), the charge did not contain any reference to a demotion or class-based relief, *id.* at 845; in *Echols v. Today's Staffing*, 35 F. App'x 776 (10th Cir. 2002), the plaintiff's EEOC charge solely alleged "gender and sexual harassment," and not discrimination on the basis of race, *id.* at 777; in *Manning v. Blue Cross & Blue Shield of Kan. City*, 522 F. App'x 438 (10th Cir. 2013), the "charges completely lack[ed] any factual specificity, failing even to describe the particular actions and practices complained of," *id.* at 441; and in *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1257–58 (10th Cir. 1998), the charge expressly qualified prior sexual harassment in the context of a retaliation claim; nothing suggested the harassment was independently actionable, *id.* at 1528 ("Although the harassment stopped, I was subsequently retaliated against.").

Mr. Johnson's case is different. His EEOC charge expressly alleges: that he "requested leave under the Family Medical Leave Act (FMLA) to seek treatment for a mental impairment"; that when his condition worsened, he "requested 'employee personal medical leave'"; that Wal-Mart denied his request for leave; that Wal-Mart terminated his employment on March 3, 2014, "while [he] was . . . being treated for [his] disability"; and that Wal-Mart cited "misconduct" as the basis for his termination, even though he "performed [his] job duties satisfactorily." [Doc. No. 8-2]. These allegations provide sufficient notice of Mr. Johnson's accommodation claim. *See Jones*, 502 F.3d at 1186–89; *Goforth v. Del. Cty. Bd. of Cty. Comm'rs*, No. 09-CV-203-CVE-TLW, 2009 WL 2588861, at *4–5 (N.D. Okla. Aug. 18, 2009).

And that is especially so in light of the letter sent to the EEOC on October 30, 2014. In it, Mr. Johnson's sister—his legal guardian at the time—noted Mr. Johnson's request for a "reasonable accommodation under the ADA" while he was on sick leave. [Doc. No. 16-2, p. 1]. To be sure, this correspondence predated the formal filing of Mr. Johnson's EEOC charge on November 12, 2014, but "a wide range of documents m[ay] be classified as charges" for purposes of exhaustion under the ADA. *Cf. Carson v. Cudd Pressure Control, Inc.*, 299 F. App'x 845, 846 (10th Cir. 2008); *see also Jones v. Needham*, 856 F.3d 1284, 1290 (10th Cir. 2017) ("[T]here are times in which a different filing, such as an intake questionnaire, can constitute a charge for certain purposes."). After receiving this letter and Mr. Johnson's formal charge, there is little doubt the EEOC could "reasonably be expected" to investigate whether Wal-Mart reasonably accommodated Mr. Johnson's disability. *See Jones*, 502 F.2d at 1183. In fact, the EEOC investigated just that. [Doc. No. 8, p. 3] (noting that Mr. Johnson's failure to accommodate claim was included in the EEOC's notice of findings and conciliation efforts).

Wal-Mart responds that the EEOC did not provide notice of the accommodation claim until after its investigation was completed. [*Id.*]. Maybe so. But "a plaintiff should not be penalized for the EEOC's negligence in handling a charge." *See Jones*, 502 F.3d at 1185. That is why employer notice is not a determining factor in the exhaustion analysis. *See id.* ("If we were to make notice to the employer a determining fact for exhaustion, the plaintiff would bear the burden of the EEOC's failure in handling a charge. But it is the EEOC's, not the plaintiff's, duty to provide the charged party with notice.").

In any event, Wal-Mart argues, in light of the letter from Mr. Johnson's sister, the omission of the term "accommodation" in the formal EEOC charge suggests Mr. Johnson withdrew his accommodation claim. The court is unpersuaded. As discussed above, the formal

EEOC charge alone contains sufficient allegations of a failure to accommodate claim. And the court will not—at this stage—speculate about the intent behind word choice in the October 2014 and November 2014 EEOC correspondence. *See Thomason v. First Pryority Bank*, No. 09-CV-796-GKF-TLW, 2010 WL 2079699, at *1 (N.D. Okla. My 21, 2010). Plaintiff cites *Reveles v. Catholic Health Initiatives*, 16-CV-2561-WJM-CBS, 2017 WL 2672112, at *6–7 (D. Colo. June 21, 2017), for the proposition that courts do not not "apply[ ] the liberal-construction canon to infer *facts* in support of a *legal theory*." *Id.* at *7 (emphases in original). But here, Wal-Mart asks the court to do the opposite—discount a theory plainly supported by the facts. *Reveles* does not support that result. *See id.* ("[L]iberal construction . . . means construing the charge to embrace the legal theories that can reasonably be discerned from the facts alleged.") (emphases omitted).

With respect to the retaliation claim, Wal-Mart argues Mr. Johnson failed to check the box for "retaliation" on the EEOC form. "The failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box." *See id.* at 1186; *Musick v. Arvest Bank Ops., Inc.*, No. CIV-05-716-HE, 2005 WL 2620554, at *1 (W.D. Okla. Oct. 14, 2005). That presumption "may be rebutted, however, if the text of the charge clearly sets forth the basis of the claim." *Jones*, 502 F.3d at 1186; *Musick*, 2005 WL 2620554, at *1.

"[W]hile the question is close, the court concludes the narrative description in the EEOC charge, construed liberally, is sufficient to encompass a claim for retaliation." *See Musick*, 2005 WL 2620554, at *2. "The temporal proximity of the pertinent acts, coupled with the fact that the same discrete act is alleged to constitute both discrimination and retaliation, gives rise to a permissible inference that the investigation of the charge would be broad enough to include the

7

alleged acts of retaliation"—*i.e.*, termination. *See id.* Indeed, in his EEOC charge, Mr. Johnson notes that: (1) he requested medical leave in February 2014; (2) he was discharged in March 2014; and (3) that the stated basis for his discharge—"misconduct"—is inconsistent with his performance of his job duties. [Doc. No. 8-2].

For these reasons, the court concludes that the theories of retaliation and failure-to-accommodate "were, in factual substance, sufficiently alleged in the EEOC filing." *See Anderson v. Clovis Mun. Schs.*, 265 F. App'x 699, 706 (10th Cir. 2008). Mr. Johnson has therefore satisfied the requirements of administrative exhaustion.

WHEREFORE, Wal-Mart's Motion for Partial Dismissal [Doc. No. 8] is granted as to the OADA claims and denied as to the ADA claims.

IT IS SO ORDERED this 18th day of August, 2017.

                                           GREGORY K. FRIZZELL, CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT